[Civ. No. 3928. Third Appellate District.—February 17, 1930.]

ARTHUR N. BREWER, Respondent, v. W. A. BENTON et al., Appellants.

Evan J. Hughes for Appellants.

Butler, Van Dyke, Desmond & Harris for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment for damages to the plaintiff's automobile sustained by coming in contact with an electric power pole when his car was crowded from the highway by the passing of defendant Benton's machine. A reversal of the judgment is sought on the sole ground that the trial court failed to adopt findings upon the issue of contributory negligence.

The plaintiff was driving his automobile along the highway from Sacramento to Rio Linda. It was a narrow roadway. The paved portion was but ten feet in width with a five or six foot shoulder on either side. The plaintiff was traveling about thirty miles an hour. The defendant Benton was driving his Studebaker car which approached from behind the plaintiff's machine. After first passing an intervening Ford coupe, the defendant claims to have sounded his horn and then attempted to pass the plaintiff's car by traveling along the extreme left-hand portion of the highway with his automobile running almost entirely on the dirt shoulder of the road. He admits traveling thirty-six or thirty-eight miles an hour. Both the plaintiff and his companion who sat by his side testified that the defendant did not sound his horn and that he was traveling forty or forty-five miles an hour. The defendant testified that as his car reached a point opposite the plaintiff's machine the front wheels of his automobile struck a little trench across the roadway and that it was suddenly thrown toward the plaintiff's machine. He said: "There is a little drain over there, probably three or eight inches (wide), and when I passed him the rear end of my car gave a swing like (toward his car)." Both the plaintiff and his companion testified that they were traveling about thirty miles an hour on the right-hand side of the roadway, and heard no horn, but suddenly discovered the defendant's car when it was nearly opposite their car; that it was traveling at a rapid rate of speed estimated at forty or forty-five miles an hour and that it swerved and came at an acute angle directly toward their car; that in order to avoid a collision it was necessary for the plaintiff to turn his car off of the highway entirely; that in doing so, he lost control of the machine and it ran through a ditch which paralleled the highway and collided with a telephone pole, seriously damaging the car.

In separate answers which were filed in behalf of the defendants, contributory negligence was pleaded in the following language: "The plaintiff left the said road and collided with a certain power line pole . . . as the direct and proximate result of his own contributory negligence . . . in this, that the said plaintiff was negligently and carelessly driving in the center of said paved highway and failed, refused and neglected to allow defendants sufficient room in which to pass said plaintiff."

A judgment for $880 which was rendered in favor of the plaintiff is amply supported by the evidence. Indeed the appellants' sole claim of error upon which they seek a reversal is the failure of the trial court to adopt findings upon the issue of contributory negligence. This was clearly an inadvertence which occurred in the preparation and presenting of findings. Apparently all available testimony was adduced at the trial. No benefit could be derived by a retrial of the case. From the fact that the trial court rendered judgment in favor of the plaintiff and adopted findings favorable to him upon all the issues in the case except that of contributory negligence, it is evident that this issue was overlooked and that a finding on this issue would have also been favorable to the plaintiff if it had been presented and adopted. It is true that while there is a conflict of evidence respecting the charge that the plaintiff was guilty of contributory negligence in driving along the wrong side of the highway, the evidence upon this subject strongly preponderates in favor of the plaintiff. Only three persons saw the accident. They were the drivers of the respective cars and a companion of the plaintiff, who differ as to whether the plaintiff was driving on the wrong side of the highway. The physical facts seem to preclude the theory that he was on the wrong side of the road, for the highway was narrow and the defendant's car succeeded in reaching a point opposite the plaintiff's machine before the course was changed. This seems to confirm the plaintiff's claim that he was running on his proper side of the highway. The plaintiff's associate who rode with him upon this occasion testified as follows: "Q. On what side of the road was Brewer driving that car just before the collision occurred? A. On the right side, the car was off as far as it could be driven. Q. You are sure of that? A. Positive." The

only other witness to the incident was Mrs. Redmond, who was called by the defendants. It is impossible to tell from her evidence which machine she thought was taking too much space on the highway. Her evidence is valueless.

Under such circumstances when the trial court has adopted findings in favor of the plaintiff upon all the material issues except that of contributory negligence and has rendered judgment for the plaintiff and the clear preponderance of the evidence refutes the theory of contributory negligence and it is apparent the trial court has inadvertently omitted to adopt a finding upon that issue, but would have determined the issue favorable to the plaintiff, in support of the judgment and in accordance with justice the reviewing court is authorized to supply the omitted finding pursuant to the provisions of section 956a of the Code of Civil Procedure and thus avoid the unnecessary expense and cost of a new trial. This statutory provision concludes with this sentence: . . . "This section shall be liberally construed to the end, among others, that whenever possible, causes may be finally disposed of by a single appeal and without further proceedings in the trial court, except where the interest of justice requires a new trial."

In the case of *Tupman* v. *Haberkern*, 208 Cal. 256 [280 Pac. 970], the Supreme Court has very properly said it was not the purpose of the legislature in enacting section 4¾ of article VI of the Constitution and section 956a of the Code of Civil Procedure to transform the reviewing courts into trial courts or to authorize the appellate courts to set aside findings which the trial court has adopted or substitute contrary findings when in doing so it is necessary for the reviewing court to pass upon the preponderance of evidence, for the reason that the trial court is better qualified to exercise that function since it has the opportunity of observing the witnesses on the stand and determining their credibility. In the last-mentioned case the court says: "The appellate courts will not develop into trial courts because they will undoubtedly exercise this power (of modifying findings) sparingly, and will refer any complicated questions of new evidence to the trial court or a referee for hearing." But the court also added: "Whenever possible, and the interests of justice would seem to require, the reviewing court should have the power to make new findings contrary to or in addition to

those made by the trial court . . . to the end that the judgment or order appealed from may be affirmed and further litigation terminated.''

Accordingly, this court hereby finds that the affirmative defenses which are alleged in the separate answers of W. A. Benton and Henderson Brothers, charging the plaintiff with contributory negligence, are untrue.

With this addition to the findings the judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 19, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 17, 1930.

All the Justices present concurred; and the following opinion was rendered thereon:

SEAWELL, J.—The trial court made the following finding:

'' . . . that at said time and place defendant W. A. Benton so carelessly and negligently drove and operated said automobile in attempting to pass the car of plaintiff Arthur E. Brewer as to cause the car of said W. A. Benton to cross said highway at said point at an angle and come close to and immediately in front of the car being driven by plaintiff Arthur E. Brewer; that as a result of said careless and negligent driving of defendant W. A. Benton at said time and place it became necessary for plaintiff Arthur E. Brewer to leave said highway, and that his car did leave said highway and collided with a telephone pole and a power line pole; that as a direct and proximate result of said negligence and carelessness of defendant W. A. Benton in driving and operating his said automobile at said time and place, the automobile of plaintiff Arthur E. Brewer was damaged.''

In my view the above finding precludes by way of demonstration any other conclusion than the one that the plaintiff was guiltless of contributory negligence. This being so, it was not necessary to declare in the terms of a conclusion that the plaintiff was not guilty of contributory negligence.

The finding fully supporting the judgment, the affirmance should be based solely on that ground. I am in accord with the majority of the court in denying the petition, but think it unnecessary to place it upon the power of the appellate court to make findings where the evidence is conflicting.

Preston, J., concurred.